IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANCE M. WILSON, V05878,<br><br>　　　　Plaintiff(s),<br><br>　vs.<br><br>TANI CANTIL-SAKAUYE, Chief<br>Justice of California,<br><br>　　　　Defendant(s). | No. C 15-4238 CRB (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a state prisoner on death row at San Quentin State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983 seeking a federal court order directing the Supreme Court of California to appoint private counsel to represent him in his state capital appeal and habeas proceedings. According to plaintiff, "the shortage of attorneys" at the state's Public Defender's Office (PDO) and Habeas Corpus Resource Center (HCRC), and resulting unlawful delays, require that the state high court "bypass the []PDO and the HCRC and appoint private attorneys." Dkt. #1 (Compl.) at 6.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claim & Analysis

Under the law of the circuit, plaintiff's request for an order directing the Supreme Court of California to appoint him private counsel to represent him in his state capital appeal and habeas proceedings in order to expedite the adjudication of his capital sentence was properly brought in a § 1983 action. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011) ("request for an order directing a state court to hasten its consideration of an appeal belongs in a § 1983 complaint, not a habeas petition").  But the merits of plaintiff's claim is less clear. See id. at 1158 n.3 ("We express no view on the merits of such a § 1983 claim or on what relief, if any, might be available if the claim were pleaded in the proper place and at the proper time.").  Regardless, the court should abstain from interfering with California's capital post-conviction review process.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).  The rationale of Younger applies throughout state appellate proceedings, requiring that state appellate review of a state court

judgment be exhausted before federal court intervention is permitted. See Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).

Younger requires that federal courts refrain from interfering with ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) state proceedings implicate important state interests; and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka, 23 F.3d at 223. Here, all three prongs of the abstention test are met. First, plaintiff's state capital appeal is ongoing in the Supreme Court of California – a review of the state high court's docket (People v. Wilson, No. S118775) shows that plaintiff's final reply brief is due by January 20, 2016. Second, the appeal unquestionably involves important state interests. See Massie v. Sumner, 624 F.2d 72, 73-74 (9th Cir. 1980) (acknowledging California's interest in ensuring the fairness of its capital convictions through automatic appeal process). Third, plaintiff can present his request for appointment of private counsel in order to avoid unlawful state appellate and habeas review delays to the Supreme Court of California. See, e.g., People v. Holt, 15 Cal. 4th 619, 708-09 (Cal. 1997) (addressing claim that delay in appointment of counsel for capital appeal violated due process).

Plaintiff may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state prosecuting him, or that the state tribunal is biased against the federal claim. See Middlesex, 457 U.S. at 437; Kugler v. Helfant, 421 U.S. 117, 124-25 (1975); Younger, 401 U.S. at 46. But plaintiff makes no plausible non-conclusory allegation of irreparable harm, bad faith, harassment or bias of the

tribunal.  Cf. id. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention).  After all, the Supreme Court of California appointed OPD counsel to represent plaintiff on his ongoing capital appeal (albeit after some initial delay) and a final reply brief is due to be filed by counsel by January 20, 2016.  Appointment of a new private counsel to represent plaintiff on his capital appeal at this point in the proceedings would more likely delay than expedite plaintiff's appeal.  And although the Supreme Court of California has not yet appointed counsel to represent plaintiff on his yet-to-be-filed state capital habeas proceedings (generally filed before the end of the capital appeal), plaintiff has not shown that appointment of HCRC counsel, rather than private counsel, will necessarily result in excessive delay and irreparable harm.  Under the circumstances, Younger's factors and considerations weigh against interfering with California's capital post-conviction review process.

## CONCLUSION

For the foregoing reasons, the court finds that Younger abstention is warranted and that this action accordingly must be DISMISSED.  See Juidice v. Vail, 430 U.S. 327, 348 (1977) (if district court finds Younger abstention warranted, it must dismiss action).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  Jan. 6, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.15\Wilson, J.15-4238.dismissal.wpd

4